UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CUSTOMEDIA TECHNOLOGIES, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> DISH NETWORK CORPORATION, and DISH NETWORK, L.L.C., <br><br> Defendant. | Civil Action No. 2:16-cv-00129 <br><br> **JURY TRIAL DEMANDED** |

## PLAINTIFF CUSTOMEDIA TECHNOLOGIES, LLC'S
## ORIGINAL COMPLAINT

Plaintiff Customedia Technologies, L.L.C. ("Customedia") files this Complaint against DISH Network Corporation and DISH Network, L.L.C. (collectively "Defendants" or "DISH") seeking damages and other relief for patent infringement, and allege as follows:

## NATURE OF ACTION

1.    This is an action for patent infringement arising under Title 35 of the United States Code, seeking monetary damages and other relief against Defendants due to their infringement of Plaintiff's rights in United States Patent Nos. 8,719,090 (the "'090 Patent"), 9,053,494 (the "'494 Patent"), 7,840,437 (the "'437 Patent), and 8,955,029 (the "'029 Patent") (collectively the "Patents-in-Suit") in accordance with 35 U.S.C. § 271.

## PARTIES

2.    Plaintiff Customedia Technologies, L.L.C. is a Delaware limited liability company having an address at 205 Benton Drive #10111, Allen, Texas 75013.

3.      Defendant DISH Network Corporation is a company organized under the laws of the State of Nevada, with a principal place of business at 9601 S. Meridian Blvd., Englewood, Colorado 80112. Defendant DISH Network Corporation may be served with process through its registered agent,  CSC Services of Nevada, Inc., 2215-B Renaissance Drive, Las Vegas, Nevada 89119.

4.      Defendant DISH Network, L.L.C. is a company organized under the laws of the State of Colorado, with a principal place of business at 9601 S. Meridian Blvd., Englewood, Colorado 80112.  Defendant DISH Network, L.L.C. may be served with process through its registered agent, Corporation Services Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## JURISDICTION AND VENUE

5.      This is an action for patent infringement under the Patent Laws of the United States, Title 35 of the United States Code, 35 U.S.C. §§ 1 et. seq. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§1331 and 1338(a). Venue is proper under 28 U.S.C. §§ 1391(a) & (c), and 1400(b).

6.      This Court has personal jurisdiction over Defendants under the laws of the State of Texas, including the Texas long-arm statute, TEX. CIV. PRAC. & REM. CODE § 17.042.

7.      Plaintiff's cause of action arises directly from Defendants' business contacts and other activities in the State of Texas and in the Eastern District of Texas:  Defendants are present within or have minimum contacts within the State of Texas and the Eastern District of Texas; Defendants have purposefully availed themselves of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; Defendants have sought protection and

benefit from the laws of the State of Texas; and Defendants regularly conduct business within the State of Texas and within the Eastern District of Texas.

8.     Defendants directly and/or through intermediaries, ship, distribute, use, offer for sale, sell, and/or advertise products and services in the United States, the State of Texas, and the Eastern District of Texas. This Court also has personal jurisdiction over Defendants because Defendants have committed, contributed to, and induced acts of patent infringement and have regularly and systematically conducted and solicited business in this District by and through at least the sales and offers for sale of Defendants' products and services, and other contractual arrangements with Defendants' subscribers, customers, developers, distributors and third-party service providers using Defendants' products and services located in and/or doing business in this District.

9.     Defendants have been, and currently are, continuously and systematically conducting business in this jurisdiction and throughout Texas.  Defendants have systematically, continuously, and purposely harmed Customedia in this jurisdiction by infringing one or more claims of the Patents-in-Suit.

## PATENTS-IN-SUIT

### U.S. Patent No. 8,719,090

10.     On May 18, 2004, United States Patent Application No. 10/848,238 entitled "System For Data Management And On-Demand Rental And Purchase Of Digital Data Products" was filed in the United States Patent and Trademark Office.

11.     Application No. 10/848,238 is a continuation of United States Patent Application No. 09/383,994, which was filed on August 26, 1999.   Application No. 09/383,994 is a continuation-in-part of United States Patent Application No. 08/873,584, which was filed on June 12, 1997. On May 6, 2014, based on Application No. 10/848,238, the United States Patent

and Trademark Office granted United States Patent No. 8,719,090.  A true and correct copy of the '090 Patent is attached hereto as "Exhibit A" and is incorporated herein by reference.

12.     The '090 Patent is valid and subsisting.

13.     The sole inventor of the '090 Patent is William Henry Lewis.  William Henry Lewis has assigned all rights and title to Customedia.  Therefore, Customedia is the sole owner by assignment of the '090 Patent.

### U.S. Patent No. 9,053,494

14.     On January 18, 2014, United States Patent Application No. 14/158,812 entitled "System For Data Management And On-Demand Rental And Purchase Of Digital Data Products" was filed in the United States Patent and Trademark Office.

15.     Application No. 14/158,812 is a continuation of United States Patent Application No. 10/848,238, which was filed on May 18, 2014, now Patent No. 8,719,090.  Application No. 10/848,238 is a continuation of United States Patent Application No. 09/383,994, which was filed on August 26, 1999.  Application No. 09/383,994 is a continuation in part of United States Patent Application No. 08/873,584, which was filed on June 12, 1997.  A true and correct copy of the '494 Patent is attached hereto as "Exhibit B" and is incorporated herein by reference.

16.     The '494 Patent is valid and subsisting.

17.     The sole inventor of the '494 Patent is William Henry Lewis.  William Henry Lewis has assigned all rights and title to Customedia.  Therefore, Customedia is the sole owner by assignment of the '494 Patent.

**U.S. Patent No. 7,840,437**

18.     On September 3, 2004, United States Patent Application No. 10/933,875 entitled "System For Data Management And On-Demand Rental And Purchase Of Digital Data Products" was filed in the United States Patent and Trademark Office.

19.     Application No. 10/933,875 is a continuation of United States Patent Application No. 10/126,829, which was filed on April 19, 2002.   Application No. 10/126,829 is a division of application No. 09/383,994, which was filed on August 26, 1999.   Application No. 09/383,994 is a continuation-in-part of United States Patent Application No. 08/873,584, which was filed on June 12, 1997.   Application No. 09/383,994 is a continuation-in-part of United States Patent Application No. 08/873,584, which was filed on July 12, 1997.   On November 23, 2010, based on Application No. 10/933,875, the United States Patent and Trademark Office granted United States Patent No. 7,840,437.   A true and corrrect copy of the '437 Patent is attached hereto as "Exhibit C" and is incorporated herein by reference.

20.     The '437 Patent is valid and subsisting.

21.     The sole inventor of the '437 Patent is William Henry Lewis.   William Henry Lewis has assigned all rights and title to Customedia.   Therefore, Customedia is the sole owner by assignment of the '437 Patent.

**U.S. Patent No. 8,955,029**

22.     On October 26, 2010, United States Patent Application No. 12/911,727 entitled "System For Data Management And On-Demand Rental And Purchase Of Digital Data Products" was filed in the United States Patent and Trademark Office.

23.     Application No. 12/911,727 is a continuation of United States Patent Application No. 10/933,875, which was filed on September 3, 2004 and issued as United States Patent No.

7,840,437.  Application No. 10/933,875 is a continuation of United States Patent Application No.

10/126,829, which was filed on April 19, 2002.  Application No. 10/126,829 is a division of

United States Patent Application No. 09/383,994, which was filed on August 26, 1999.

Application No. 09/383,994 is a continuation-in-part of United States Patent Application No.

08/873,584, which was filed on July 12, 1997.  On February 10, 2015, based on Application No.

12/911,727, the United States Patent and Trademark Office granted United States Patent No.

8,955,029.  A true and correct copy of the '029 Patent is attached hereto as "Exhibit D" and is

incorporated herein by reference.

24.     The '029 Patent is valid and subsisting.

25.     The sole inventor of the '029 Patent is William Henry Lewis.  William Henry

Lewis has assigned all rights and title to Customedia.  Therefore, Customedia is the sole owner

by assignment of the '029 Patent.

## DEFENDANTS' INFRINGING PRODUCTS AND SERVICES

26.     Upon information and belief, Defendants operate systems that provide customers

with digital television entertainments services.  These systems include, but are not limited to,

servers, satellite dishes, and receiver/set-top boxes.

27.     Upon information and belief, Defendants provide products, features, and services,

including but not limited to, DISH Network satellite and set-top-box television service, DISH

Media Addressable Advertising Service, DISH Hopper (DVR), Hopper with Sling, DISH Sling

DVRs, DISH Network DVRs, DISH Network HD DVRs, DISH Anywhere, DISH Hopper Joey,

DISH Hopper Super Joey, DISH Hopper Go, DISH Network SD-DVRs, HD-DVR ViP 722k,

HD-DVR ViP 612, 922 SlingLoaded HD-DVR ViP 222k, HD Dual Tuner ViP 222k, HD Single

Tuner ViP 211k, SD-DVR Dual Tuner 625, SD-DVR 512, SD Dual Tuner 322, SD Single Tuner

311, Video on Demand, and DISH Hopper Whole Home DVR Network (collectively, the "Accused Products and Services").

28.     Upon information and belief, the Accused Products and Services make use of Customedia's patented technology and infringe the Patents-in-Suit.

29.     Upon information and belief, Defendants' systems allow for an addressable advertising service in order to target advertisements to its customers.

30.     "Exhibit E" describes, at least in part, the operation of Defendants' addressable advertising service.[1]

31.     The 2015 DISH Media Sales Kit describes DISH's addressable advertising service as follows: "DISH Media Sales' Onpoint Addressable combines the targeting precision of digital with the reach of television, providing advertisers a highly focused solution that leverages demographically targeted household level advertising on a national scale."

32.     The 2015 DISH Media Sales Kit also describes DISH's addressable advertising service as follows: "Exclusive with DISH, Onpoint Addressable Interactive, the newest innovative advertising solution, combines the targeting effectiveness of addressable with the audience engagement of interactive, enabling advertisers to push beyond traditional targeting capabilities."

33.     Upon information and belief, "Exhibit F" describes, at least in part, the operation of Defendants' addressable advertising service.[2]

34.     Upon information and belief, "Exhibit G" describes, at least in part, the operation of Defendants' addressable advertising service.[3]

---

[1]   EXHIBIT E:  2015 Dish Media Sales Media Kit; http://www.dishmediasales.com/downloads/2015-Dish-Media-Sales-Media-Kit.pdf

[2]   EXHIBIT F:  *The CMO's Guide to Addressable TV Advertising, Advertising Age*, Feb. 19, 2014, http://adage.com/article/cmo-strategy/cmo-s-guide-addressable-tv-advertising/291728/; http://invidi.com/en/news/the-cmo's-guide-to-addressable-tv-advertising/

35.     Upon information and belief, "Exhibit H" describes, at least in part, the operation of Defendants' addressable advertising service.[4]

36.     Upon information and belief, "Exhibit I" describes, at least in part, the operation of Defendants addressable advertising service.[5]

37.     Upon information and belief, "Exhibit J" describes, at least in part, the operation of Defendants addressable advertising service.[6]

38.     Upon information and belief, Defendants sell and/or offer to sell addressable advertising services to advertisers.

39.     Upon information and belief, Defendants use software from Invidi Technologies to support the addressable advertising service.

40.     Upon information and belief, "Exhibit K" describes, at least in part, the operation of Defendants' DISH Anywhere service.[7]

41.     Upon information and belief, Defendants' operate the DISH Anywhere service that allows customers to watch recorded content on a computer or mobile device. Defendant's DISH Anywhere service allows the consumer to download data from their DVR playlist to a computer or portable device.

---

[3]     EXHIBIT G: *Cable Companies Mining Viewer Data For Targeted Ads*, Reuters, Posted June 27, 2013, updated August 27, 2013, http://www.huffingtonpost.com/2013/06/27/cable-companies-targeted-ads-data_n_3507487.html

[4]     EXHIBIT H:     Invidi, veritas: Addressable ad provider is poised for impact; *http://zonewire.net/telescope/page/invidi-veritas-addressable-ad-provider-is-poised-for-impact*

[5]     EXHIBIT I: *Targeted TV Ads Set for Takeoff*, http://invidi.com/en/news/targeted-tv-ads-set-for-takeoff/

[6]     EXHIBIT J:     *Dish Network to integrate INVIDI Technologies for Addressable Television Advertising; http://about.dish.com/press-release/products-and-services/dish-network-integrate-invidi-technologies-addressable-televisio*

[7]     EXHIBIT K: *"TV on the go";* http://www.dish.com/mobile/

42.     Upon information and belief, Defendants' DISH Anywhere service may collect, transmit, and maintain information, including personal information about the user when the user accesses or uses DISH Anywhere.

43.     "Exhibit L" describes, at least in part, the operation of Defendants' DISH Network satellite and set-top-box television service.[8]

44.     Upon information and belief, Defendants' DISH Network satellite and set-top-box television service limits the availability of Pay-Per-View content rentals to 24 hours from the time of order.

45.     Upon information and belief, "Exhibit M" describes, at least in part, the operation of Defendants' DISH Network satellite and set-top-box television service.[9]

46.     Upon information and belief, "Exhibit N" describes, at least in part, the operation of Defendants' DISH Network satellite and set-top-box television service.[10]

47.     Upon information and belief, Defendants' DISH Network satellite and set-top-box television service allows for video content to be rented through DISH's Pay-Per-View or On-Demand offerings.

48.     Upon information and belief, Defendants' DISH Network satellite and set-top-box television service limits the availability of Video-on-Demand content rentals to 24 or 48 hours from the time of order.

49.     Upon information and belief, Defendants' DISH Network satellite and set-top-box television service may collect, transmit, and maintain information, including personal information about the user when the user accesses or uses the service.

---

[8]   EXHIBIT L:  *My Dish – Video on Demand";* https://www.mydish.com/support/use-vod
[9]   EXHIBIT M:   *"Pay-Per-View Movies/My Dish";*  https://www.mydish.com/support/services/tv/pay-per-view/movies
[10]  EXHIBIT N: *"The Hopper.  The People's Choice"*; http://www.dish.com/hopper/

50.     Upon information and belief, "Exhibit O" describes, at least in part, what information DISH collects about the consumer when the consumer uses Defendants' DISH Anywhere.[11]

51.     Upon information and belief, "Exhibit P" describes, at least in part, what information DISH collects about the consumer when the consumer uses Defendants' DISH Network satellite and set-top-box television service.[12]

## FIRST CLAIM FOR RELIEF

### Infringement of U.S. Patent No. 8,719,090

52.     Plaintiff hereby incorporates by reference the preceding paragraphs of the Complaint as if set forth here in full.

53.     On information and belief, Defendants make, use, and/or offer for sale in the United States, without authority, products, equipment, and/or services that practice one or more claims of the '090 Patent, including without limitation, Defendants' multimedia data distribution systems that include server(s) and consumer device(s), that provide video content and addressable advertising to consumers, including but not limited to, the Accused Products and Services.

54.     On information and belief, Defendants make, use, sell, and/or offer for sale to customers multimedia data distribution systems that include server(s) and consumer device(s), which provide video content and addressable advertising to consumers, including but not limited to, the Accused Products and Services since the issuance of the '090 Patent.

---

[11]     EXHIBIT O:  "*Dish Anywhere Privacy Policy*"; http://www.dishanywhere.com/privacy-policy

[12]     EXHIBIT P:    "*Dish Network L.L.C. Subscriber Privacy Notice*";  http://www.dish.com/downloads/legal/privacystatement2.pdf

55.    On information and belief, Defendants' Accused Products and Services comprise a data delivery system for providing automatic delivery of multimedia data products from one or more multimedia data product providers.

56.    On information and belief, Defendants' Accused Products and Services include a remote account transaction server for providing multimedia data products to an end user, at least one of the multimedia data products being specifically identified advertising data.

57.    On information and belief, Defendants' Accused Products and Services include a programmable local receiver unit for interfacing with the remote account transaction server to receive one or more of the multimedia data products and for processing and automatically recording the multimedia data products, said programmable local receiver unit including at least one individually controlled and reserved advertising data storage section adapted specifically for storing the specifically identified advertising data, said at least one advertising data storage section being monitored and controlled by said remote account transaction server and such that said specifically identified advertising data is delivered by the remote account transaction server and stored in at least one individually controlled and reserved advertising data storage section.

58.    Defendants have been and are directly infringing, either literally or under the doctrine of equivalents, the '090 Patent by making, using, offering to sell, and/or selling multimedia data distribution systems that include server(s) and consumer device(s), which provide video content and addressable advertising to consumers, that is covered by one or more claims of the '090 Patent, including at least Claim 1.

59.    By making, using, testing, offering for sale, and/or selling multimedia data distribution systems that include server(s) and consumer device(s), which provide video content and addressable advertising to consumers, Defendants have injured Customedia and are liable to

Customedia for directly infringing one or more claims of the '090 Patent, including at least Claim 1, pursuant to 35 U.S.C. § 271(a).

60.     Defendants indirectly infringe the '090 patent within the United States by inducement under 35 U.S.C. § 271(b).  Since learning of the '090 patent and by failing to cease offering the Accused Products and Services, Defendants have knowingly and intentionally induced users of the Accused Products and Services to directly infringe one or more claims of the '090 patent. It does so, inter alia, by (1) providing instructions or information, for example on its publicly available websites, to explain how to use the Accused Products and Services in an infringing manner, including the use of the Accused Products and Services in manners described above, which are expressly incorporated herein; and (2) touting these infringing uses of the Accused Products and Services in advertisements, including but not limited to, those on its websites and other mobile app marketplace websites.[13]

61.     Defendants' infringement of the '090 Patent has caused damages to Customedia, including, without limitation, deprivation of rights, remunerations, and/or profits which would have otherwise come to Customedia but for the infringement, and Customedia is entitled to recover damages.

<u>**SECOND CLAIM FOR RELIEF**</u>

**U.S. Patent No. 9,053,494**

62.     Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint as if set forth here in full.

63.     On information and belief, Defendants make, use, and/or offer for sale in the United States, without authority, products, equipment, and/or services that practice one or more

---

[13]   EXHIBIT E:  2015 Dish media Sales Media Kit; http://www.dishmediasales.com/downloads/2015-Dish-Media-Sales-Media-Kit.pdf ; Exhibit Q:  "Dish Media Sales – Addressable Advertising"; http://www.dishmediasales.com/addressable/

claims of the '494 Patent, including without limitation, Defendants' multimedia data distribution systems that include server(s) and consumer device(s), which provide video content and addressable advertising to consumers, including but not limited to, the Accused Products and Services.

64.     On information and belief, Defendants make, use, sell, and/or offer for sale to customers multimedia data distribution systems or methods that include server(s) and consumer device(s), which provide video content and addressable advertising to consumers, including but not limited to, the Accused Products and Services, since the issuance of the '494 Patent.

65.     On information and belief, Defendants' Accused Products and Services comprise a system for providing targeted advertising to a multimedia content end user.

66.     On information and belief, Defendants' Accused Products and Services include at least one storage device, wherein at least one of said at least one storage device comprises at least one addressable and reserved storage space for storing digital advertising data.

67.     On information and belief, Defendants' Accused Products and Services include at least one processor.

68.     On information and belief, Defendants' Accused Products and Services include software implemented by said at least one processor wherein said software comprises a program to reserve said at least one addressable storage space and wherein said software further comprises a program to select particular advertising data suitable for targeting to at least one end user based upon predefined criteria data, wherein particular advertising data is stored in said at least one addressable and reserved storage space and is accessible to the at least one addressable and reserved storage space and is accessible to the at least one end user.

69.     On information and belief, Defendants' Accused Products and Services comprise a device for providing targeted advertising to an end user.

70.     On information and belief, Defendants' Accused Products and Services include at least one input port for receiving digital multimedia data wherein the digital multimedia data comprises particular advertising data for targeting to at least one end user based upon predefined criteria data associated with the at least one end user.

71.     On information and belief, Defendants' Accused Products and Services include at least one storage device.

72.     On information and belief, Defendants' Accused Products and Services include at least one addressable and reserved storage space for storing the particular advertising data.

73.     On information and belief, Defendants' Accused Products and Services include at least one processor configured to reserve said at least one addressable storage space and to present the particular advertising data to the at least one end user.

74.     On information and belief, Defendants' Accused Products and Services comprise a system for providing targeted adverting to a plural of multimedia content end users.

75.     On information and belief, Defendants' Accused Products and Services include a central control unit operably connected to an advertising data server in communication with a plurality of addressable and reserved storage spaces for storing digital advertising data, wherein at least one of said addressable and reserved storage spaces associate with a particular individual end user account is reserved specifically for access to said digital advertising data by at least one separate corresponding one of a plurality of end user receiver devices.

76.     On information and belief, Defendants' Accused Products and Services include at least one processor comprising software configured to select particular advertising data based

upon analysis of suitability criteria data to produce targeted advertising data for at least one of a plurality of end users and software configured to reserve said plurality of storage spaces, wherein each one of the end users is associated with a corresponding one of the end user receiver devices; wherein said control unit to manage the delivery of the targeted advertising data from the advertising data server to one or more of the end user receiver devices.

77.     On information and belief, Defendants' Accused Products and Services comprise a method for providing addressable advertising for targeting to an end user.

78.     On information and belief, Defendants' Accused Products and Services enable reserving an addressable storage space for storing program selectable digital advertising data.

79.     On information and belief, Defendants' Accused Products and Services enable storing the program selectable digital advertising data in the addressable and reserved storage space.

80.     On information and belief, Defendants' Accused Products and Services enable selecting, by a program, particular advertising data that is identified as suitable for targeting to at least one end user based upon predefined content section criteria data.

81.     On information and belief, Defendants' Accused Products and Services enable making the particular advertising data available to the at least one end user.

82.     Defendants have been and are directly infringing, either literally or under the doctrine of equivalents, the '494 Patent by making, using, offering to sell, and/or selling multimedia data distribution systems or methods that include server(s) and consumer device(s), which provide video content and addressable advertising to consumers, that meet all of the limitations of one or more claims of the '494 Patent in violation of 35 U.S.C. § 271(a), in this District and elsewhere within the United States, without authority.

83.     Defendants have been and are directly infringing, either literally or under the doctrine of equivalents, the '494 Patent by making, using, offering to sell, and/or selling multimedia data distribution systems or methods that include server(s) and consumer device(s), which provide video content and addressable advertising to consumers, including but not limited to, the Accused Products and Services, which are covered by one or more claims of the '494 Patent, including at least Claims 1, 19,  33, and 46.

84.     By making, using, testing, offering for sale, and/or selling multimedia data distribution systems or methods that include server(s) and consumer device(s), which provide video content and addressable advertising to consumers, including but not limited to, the Accused Products and Services, Defendants have injured Customedia and are liable to Customedia for directly infringing one or more claims of the '494 Patent, including at least Claims 1, 19, 33, and 46, pursuant to 35 U.S.C. § 271(a).

85.     Defendants indirectly infringe the '494 patent within the United States by inducement under 35 U.S.C. § 271(b).  Since learning of the '494 patent and by failing to cease offering the Accused Products and Services, Defendants have knowingly and intentionally induced users of the Accused Products and Services to directly infringe one or more claims of the '494 patent. It does so, inter alia, by (1) providing instructions or information, for example on its publicly available websites, to explain how to use the Accused Products and Services in an infringing manner, including the use of the Accused Products and Services in manners described above, which are expressly incorporated herein; and (2) touting these infringing uses of the

Accused Products and Services in advertisements, including but not limited to, those on its websites and other mobile app marketplace websites.[14]

86.     Defendants' infringement of the '494 Patent has caused damages to Customedia, including, without limitation, deprivation of rights, remunerations, and/or profits which would have otherwise come to Customedia but for the infringement, and Customedia is entitled to recover damages.

## THIRD CLAIM FOR RELIEF

### U.S. Patent No. 7,840,437

87.     Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint as if set forth here in full.

88.     On information and belief, Defendants make, use, and/or offer for sale in the United States, without authority, products, equipment, and/or services that practice one or more claims of the '437 Patent, including without limitation, Defendants' multimedia data distribution systems that include server(s) and consumer device(s), that provide video content to consumers, including but not limited to, the Accused Products and Services.

89.     On information and belief, Defendants make, use, sell, and/or offers for sale to customers multimedia data distribution systems that include server(s) and consumer device(s), which provide video content to consumers, including but not limited to, the Accused Products and Services since the issuance of the '437 Patent.

90.     On information and belief, Defendants' Accused Products and Services comprise a system for the processing, recording and playback of audio or video data.

---

[14]   EXHIBIT E:  2015 Dish media Sales Media Kit; http://www.dishmediasales.com/downloads/2015-Dish-Media-Sales-Media-Kit.pdf ; Exhibit Q:  "Dish Media Sales – Addressable Advertising"; http://www.dishmediasales.com/addressable/

91.     On information and belief, Defendants' Accused Products and Services include a receiver apparatus for receiving audio or video from at least one data feed.

92.     On information and belief, Defendants' Accused Products and Services include memory circuitry comprising a storage device built in to the system and which is not removable from the system.

93.     On information and belief, Defendants' Accused Products and Services include processing circuitry for processing data and for storing the processed data in the built in storage device.

94.     On information and belief, Defendants' Accused Products and Services include a user interface operatively connected to the processing circuity for programming which processing functions are applied to the received data by the processing circuitry.

95.     On information and belief, Defendants' Accused Products and Services include playback circuitry, which reads the data from the built in storage device and which converts the data to electronic signals for driving playback apparatus.

96.     On information and belief, Defendants' Accused Products and Services include a microprocessor having software programming to control the operating of the processing circuitry and the playback circuitry enabling the recording of rented date and enacting a simulated return of said rented data by deleting or scrambling said data from said built-in storage device or blocking further access to said data, and notifying a data supplier of said simulated return.

97.     Defendants have been and are directly infringing, either literally or under the doctrine of equivalents, the '437 Patent by making, using, offering to sell, and/or selling multimedia data distribution systems that include server(s) and consumer device(s), which provide video content to consumers, and that meet all of the limitations of one or more claims of

the '437 Patent in violation of 35 U.S.C. § 271(a), in this District and elsewhere within the United States, without authority.

98.     Defendants have been and are directly infringing, either literally or under the doctrine of equivalents, the '437 Patent by making, using, offering to sell, and/or selling multimedia data distribution systems that include server(s) and consumer device(s), which provide video content to consumers, including but not limited to, the Accused Services and Devices, which are covered by one or more claims of the '437 Patent, including at least Claim 1.

99.     By making, using, testing, offering for sale, and/or selling multimedia data distribution systems that include server(s) and consumer device(s), which provide video content to consumers, including but not limited to, the Accused Services and Devices, Defendants have injured Customedia and are liable to Customedia for directly infringing one or more claims of the '437 Patent, including at least Claim 1, pursuant to 35 U.S.C. § 271(a).

100.     Defendants indirectly infringe the '437 patent within the United States by inducement under 35 U.S.C. § 271(b). Since learning of the '437 patent and by failing to cease offering the Accused Products and Services, Defendants have knowingly and intentionally induced users of the Accused Products and Services to directly infringe one or more claims of the '437 patent. It does so, inter alia, by (1) providing instructions or information, for example on its publicly available websites, to explain how to use the Accused Products and Services in an infringing manner, including the use of the Accused Products and Services in manners described above, which are expressly incorporated herein; and (2) touting these infringing uses of the Accused Products and Services in advertisements including but not limited to, those on its websites and other mobile app marketplace websites.[15]

---

[15]     Exhibit N:  "The Hopper. People's Choice"; http://www.dish.com/hopper/ ; Exhibit K:  *"TV on the go"*; http://www.dish.com/mobile/.

101.    Defendants' infringement of the '437 Patent has caused damages to Customedia, including, without limitation, deprivation of rights, remunerations, and/or profits which would have otherwise come to Customedia but for the infringement, and Customedia is entitled to recover damages.

## FOURTH CLAIM FOR RELIEF

### U.S. Patent No. 8,955,029

102.    Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint as if set forth here in full.

103.    On information and belief, Defendants make, use, and/or offer for sale in the United States, without authority, products, equipment, and/or services that practice one or more claims of the '029 Patent, including without limitation, Defendants' multimedia data distribution systems that include server(s) and consumer device(s), that provide video content to consumers, including but not limited to, the Accused Products and Services.

104.    On information and belief, Defendants make, use, sell, and/or offers for sale to customers multimedia data distribution systems that include server(s) and consumer device(s), which provides video content to consumers, including but not limited to, the Accused Products and Services since the issuance of the '029 Patent.

105.    On information and belief, Defendants' Accused Products and Services comprise a system for receiving, processing, and playback of limited-use digital data.

106.    On information and belief, Defendants' Accused Products and Services include circuitry for receiving limited-use data.

107.    On information and belief, Defendants' Accused Products and Services include memory circuitry for storing the limited-use digital data as stored limited-use digital data.

108.    On information and belief, Defendants' Accused Products and Services include playback circuitry that reads the stored limited-use digital data from said memory circuitry and converts the stored limited use data to electronic signals for driving a playback device.

109.    On information and belief, Defendants' Accused Products and Services include processing circuitry comprising software to control operations of said memory circuitry and said playback circuitry and to control at least one operation performed upon the stored limited-use digital data as permitted by at least one restriction on the use of the limited-use digital data.

110.    On information and belief, Defendants' Accused Products and Services include a user interface operatively connected to said processing circuitry for programming one or more processing functions to be performed by said processing circuitry.

111.    On information and belief, Defendants' Accused Products and Services include at least one digital output operatively connected to said processing circuitry that communicates with a data supplier to allow monitoring by the data supplier of the at least one operation performed upon the stored limited-use digital data as permitted by the at least one restriction on the use of the limited-use digital data, wherein said processing circuitry further comprises a program for transferring to a portable playback device the stored limited-use digital data and control data for use by the portable playback device for performing a virtual return of the limited-use digital data that has been transferred to the portable playback device.

112.    On information and belief, Defendants' Accused Products and Services comprise a system for receiving, processing, and playback of rented digital data.

113.    On information and belief, Defendants' Accused Products and Services include circuitry for receiving rented digital data.

114.    On information and belief, Defendants' Accused Products and Services include a memory comprising at least one storage device for storing the rented digital data as stored rented digital data.

115.    On information and belief, Defendants' Accused Products and Services include playback circuitry that reads the stored rented digital data from said memory and converts the stored rented digital data to electronic signals for driving a playback device.

116.    On information and belief, Defendants' Accused Products and Services include processing circuitry comprising software to apply at least one processing function to the rented digital data and to control at least one operation performed upon the stored rented digital data as permitted by at least one restriction on the use of the rented digital data.

117.    On information and belief, Defendants' Accused Products and Services include a user interface operatively collected to said processing circuitry for programming the at least one processing function.

118.    On information and belief, Defendants' Accused Products and Services include a digital output operatively  collected to said processing circuitry that communicates with a data supplier to allow monitoring by the data supplier of the at least one operation performed upon the stored rented digital data as permitted by the at least one restriction.

119.    On information and belief, Defendants' Accused Products and Services include wherein the at least one restriction on use of the rented digital data comprises a first restriction that defines a time period during which an end user must first access the rented digital data and a second restriction that defines a second time period during which the rented digital data may be used by the end user subsequent to the first access of the rented digital data by the end user, and wherein said processing circuitry further comprises a program for transferring to a portable

playback device the stored limited-use digital data and control data for use by the portal playback device for performing a virtual return of the limited-use digital data that has been transferred to the portable playback device.

120.    Defendants have been and are directly infringing, either literally or under the doctrine of equivalents, the '029 Patent by making, using, offering to sell, and/or selling multimedia content distribution systems that include server(s) and consumer device(s), which provides video content to consumers, that meet all of the limitations of one or more claims of the '029 Patent in violation of 35 U.S.C. § 271(a), in this District and elsewhere within the United States, without authority.

121.    Defendants have been and are directly infringing, either literally or under the doctrine of equivalents, the '029 Patent by making, using, offering to sell, and/or selling multimedia data distribution systems that include server(s) and consumer device(s), which provides video content to consumers, including but not limited to, the Accused Products and Services, which are covered by one or more claims of the '029 Patent, including at least Claims 1 and 68.

122.    Defendants have been and are directly infringing, either literally or under the doctrine of equivalents, the '029 Patent by making, using, offering to sell, and/or selling multimedia content distribution systems that include server(s) and consumer device(s), which provides video content to consumers, including but not limited to, the Accused Products and Services, which are covered by one or more claims of the '029 Patent, including at least Claims 1 and 68.

123.    Defendants indirectly infringe the '029 patent within the United States by inducement under 35 U.S.C. § 271(b).  Since learning of the '029 patent and by failing to cease

offering the Accused Products and Services, Defendants have knowingly and intentionally induced users of the Accused Products and Services to directly infringe one or more claims of the '029 patent. It does so, inter alia, by (1) providing instructions or information, for example on its publicly available websites (, to explain how to use the Accused Products and Services in an infringing manner, including the use of the Accused Products and Services in manners described above, which are expressly incorporated herein; and (2) touting these infringing uses of the Accused Products and Services in advertisements, including but not limited to, those on its websites and other mobile app marketplace websites.[16]

124.    Defendant's infringement of the '029 Patent has caused damages to Customedia, including, without limitation, deprivation of rights, remunerations, and/or profits which would have otherwise come to Customedia but for the infringement, and Customedia is entitled to recover damages.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays for the following relief:

A.    A judgment in favor of Plaintiff that Defendants have infringed the '090 Patent;

B.    A judgment in favor of Plaintiff by awarded damages adequate to compensate it for Defendants' past infringement and any continuing or future infringement of the '090 Patent up until the date of such judgment is entered, including pre-judgment and post-judgment interest, costs and disbursements; and if necessary to adequately compensate Plaintiff for Defendants' infringement, and accounting;

C.    A judgment in favor of Plaintiff that Defendants have infringed the '494 Patent;

---

[16]    *Id.*

D.  A judgment in favor of Plaintiff by awarded damages adequate to compensate it for Defendants' past infringement and any continuing or future infringement of the '494 Patent up until the date of such judgment is entered, including pre-judgment and post-judgment interest, costs and disbursements; and if necessary to adequately compensate Plaintiff for Defendants' infringement, and accounting;

E.  A judgment in favor of Plaintiff that Defendants have infringed the '437 Patent;

F.  A judgment in favor of Plaintiff by awarded damages adequate to compensate it for Defendants' past infringement and any continuing or future infringement of the '437 Patent up until the date of such judgment is entered, including pre-judgment and post-judgment interest, costs and disbursements; and if necessary to adequately compensate Plaintiff for Defendants' infringement, and accounting;

G.  A judgment in favor of Plaintiff that Defendants have infringed the '029 Patent;

H.  A judgment in favor of Plaintiff by awarded damages adequate to compensate it for Defendants' past infringement and any continuing or future infringement of the '029 Patent up until the date of such judgment is entered, including pre-judgment and post-judgment interest, costs and disbursements; and if necessary to adequately compensate Plaintiff for Defendants' infringement, and accounting;

I.  Awarding Plaintiff's Attorneys' fees, costs and expenses incurred in prosecuting this action; and

J.  Awarding Plaintiff such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(e), Plaintiff hereby demands a trial by jury on all issues so triable.

Dated:  February 10, 2016                    Respectfully Submitted,

                                             /s/ Raymond W. Mort, III
                                             Daniel R. Scardino
                                             Texas State Bar No. 24033165
                                             Raymond W. Mort, III
                                             Texas State Bar No. 00791308
                                             Robert H. Baker
                                             Texas State Bar No. 24050246

                                             REED & SCARDINO LLP
                                             301 Congress Avenue, Suite 1250
                                             Austin, TX  78701
                                             Tel. (512) 474-2449
                                             Fax (512) 474-2622
                                             dscardino@reedscardino.com
                                             rmort@reedscardino.com
                                             rbaker@reedscardino.com

                                             **ATTORNEYS FOR PLAINTIFF**
                                             **CUSTOMEDIA TECHNOLOGIES, LLC**