IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CUSTOMEDIA TECHNOLOGIES, L.L.C., | § § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO.  2:16-CV-00129-JRG |
| DISH NETWORK CORPORATION, DISH NETWORK LLC, | § § § § | |
| *Defendants*. | § § | |

**ORDER AND FINAL JUDGMENT**

Before the Court is Defendants DISH Network Corporation and DISH Network L.L.C.'s (collectively, "Defendants") Motion for Entry of Judgment and Dismissal with Prejudice (the "Motion"). (Dkt. No. 202). In the Motion, Defendants ask the Court to enter judgment with prejudice in their favor in light of the status of Plaintiff Customedia Technologies, L.L.C's ("Plaintiff") *Arthrex* challenges. (*Id.*). Having considered the Motion and the subsequent briefing, the Court is of the opinion that the Motion should be **GRANTED**.

I.   **PROCEDURAL BACKGROUND**

On February 10, 2016, Plaintiff filed the above-captioned case against Defendants alleging Defendants infringed patents owned by Plaintiff. (Dkt. No. 1). Defendants subsequently filed petitions with the United States Patent and Trademark Office ("USPTO") challenging Plaintiff's asserted patents. (*See* Dkt. No. 58). After filing the petitions, Defendants requested the Court stay this case, and the Court declined to do so as the petitions had not yet been instituted. (Dkt. No. 112). However, on August 9, 2017, the Patent Trial and Appeal Board ("PTAB") instituted review on all of Defendants' petitions, and, in response, the Court granted Defendants' Renewed Motion to Stay. (Dkt. No. 187). No asserted claim survived the Defendants' challenges before the PTAB

or the subsequent affirmance on appellate review by the Federal Circuit.  (Dkt. Nos. 202-4, 202-5, 202-6, 202-7–202-19, 202-26, 202-27).  In other words, all of the claims Plaintiff elected to assert at trial before this Court have now been invalidated and cancelled.

On November 12, 2021, Defendants filed the instant Motion seeking a dismissal of this case with prejudice and entry of a final judgment. (Dkt. No. 202).  Plaintiff opposed arguing that:

> Defendants prematurely ask the Court to enter a judgment dismissing this action against Defendants with prejudice.  Lifting the stay of this case is inappropriate because the instituted post-grant review proceedings regarding the asserted patents—the reason why the Court stayed this case in the first place—have not been finally resolved in the [USPTO].  [Plaintiff] is currently seeking administrative remedies to achieve a final resolution following the Supreme Court's guidance in *United States v. Arthrex, Inc.*, 141 S. Ct. 1970 (2021).

(Dkt. No. 203 at 1).  On January 7, 2022, the Court carried the Motion to allow Plaintiff's *Arthrex* challenges to be reviewed by the Director of the USPTO.  (Dkt. No. 206).  On June 21, 2022, Defendants filed a status report contending that on June 14, 2022, the PTAB denied Plaintiff's administrative *Arthrex* challenges for all asserted patents.  (Dkt. No. 207 at 1–2).  Plaintiff disagreed and argued that "the Director of the [USPTO] has not resolved Plaintiff's administrative *Arthrex* challenges." (*Id.* at 3).

In an effort to bring this nearly seven-year case to an appropriate end and also afford the Director "a reasonable time during which [she] might personally review the Board's decisions, while also avoiding an open-ended situation given the Director may elect never to review these matters personally," the Court again carried the Motion for an additional thirty days.  (Dkt. No. 208 at 2).  Neither the Director of the USPTO, the USPTO, or the PTAB have taken any further action since the Court's most recent order.  (Dkt. No. 209). It is now appropriate for this Court to act on the Motion.

## II.     FINAL JUDGMENT AND ORDER

In view of the foregoing, the Court finds that dismissal of the above-captioned case with prejudice is appropriate together with entering a judgment in Defendants' favor.  Accordingly, the Court hereby **ORDERS** and **ENTERS FINAL JUDGMENT** as follows:

1. Plaintiff shall recover nothing from Defendants given, as noted above, that no valid patent claim remains in this case;

2. Pursuant to Federal Rule of Civil Procedure 54(d), Local Rule CV-54, and 28 U.S.C. § 1920, Defendants are the prevailing party in this case and shall recover their costs from Plaintiff; and

3. All other requests for relief now pending and requested by either party but not specifically addressed herein are **DENIED**.

The above-captioned case is **DISMISSED-WITH-PREJUDICE**, and the Clerk is directed to **CLOSE** the above-captioned case.

**So ORDERED and SIGNED this 10th day of August, 2022.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE