IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CUSTOMEDIA TECHNOLOGIES, L.L.C., | § § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:16-CV-00129-JRG |
| DISH NETWORK CORPORATION, DISH NETWORK LLC, | § § § § | |
| *Defendants*. | § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants DISH Network Corporation and DISH Network L.L.C.'s (collectively, "Defendants" or "DISH") Motion to Declare the Case Exceptional Pursuant to 35 U.S.C. § 285 and Supporting Brief (the "Motion"). (Dkt. No. 215). Having considered the briefing, case record, and relevant authorities, the Court is of the opinion that the Motion should be **DENIED** for the reasons set forth herein.

I.   PROCEDURAL BACKGROUND

On February 10, 2016, Plaintiff Customedia Technologies, L.L.C. ("Plaintiff" or "Customedia") filed the above-captioned case against Defendants alleging Defendants infringed patents owned by Plaintiff. (Dkt. No. 1). Defendants subsequently filed petitions with the United States Patent and Trademark Office ("PTO") challenging Plaintiff's asserted patents. (*See* Dkt. No. 58). Specifically, Defendants filed six petitions for inter partes review ("IPR") and four petitions for covered business method review ("CBMR") challenging all 96 of the asserted claims. (Dkt. No. 58, Exs. B, C). After filing the petitions, Defendants requested the Court stay this case, and the Court declined to do so as the petitions had not yet been instituted. (Dkt. No. 112). However, on August 9, 2017, the Patent Trial and Appeal Board ("PTAB") instituted review on

all of Defendants' petitions, and, despite Plaintiff's opposition, the Court granted Defendants' Renewed Motion to Stay (the "Motion to Stay"). (Dkt. No. 187). Plaintiff opposed the Motion Stay on the basis that the case was just weeks away from trial. (Dkt. No. 184).

No asserted claim survived the Defendants' challenges before the PTAB or the subsequent affirmance on appellate review by the Federal Circuit. (Dkt. Nos. 202-4, 202-5, 202-6, 202-7–202-19, 202-26, 202-27). In other words, all of the claims Plaintiff elected to assert at trial before this Court have now been invalidated and cancelled.

Thereafter, Plaintiff appealed the PTAB Final Written Decisions to the Federal Circuit. (Dkt. Nos. 215–1, 215–3). The Federal Circuit affirmed the PTAB's decisions and denied Plaintiff's petitions for rehearing and rehearing en banc. (Dkt. Nos. 201 at 3, 201–2, 201–12, 201–13, 201–14, and 201–15).

On July 31, 2020, Plaintiff filed a petition for writ of certiorari (the "Supreme Court Petition") to the United States Supreme Court seeking a review of three questions:

> 1. Whether a court of appeals can invoke forfeiture to refuse to address an Appointments Clause violation in a pending appeal despite an intervening change in law.
>
> 2. Whether the PTAB exceeded its statutory authority under the Leahy-Smith America Invents Act and deprived Customedia of due process when the PTAB changed the petitioner's asserted grounds for review in the final written decision.
>
> 3. Whether claims to computer systems reciting the addition of specific computer hardware, which alters and interferes with the conventional operation of the computer system, are directed to patent-eligible subject matter within the meaning of 35 U.S.C § 101.

(Dkt. No. 227-9).

In response to the Supreme Court Petition, Defendants filed a single page waiver indicating they would not file a response. (Dkt. No. 227–10). The Supreme Court Petition was denied. (Dkt. No. 227 at 21).

Thereafter, and following the Supreme Court's decision in *United States v. Arthrex, Inc.*, 594 U. S. ___, 141 S. Ct. 1970, 210 L. Ed. 2d 268 (2021) ("*Arthrex II*"), the PTO issued "interim" guidelines for seeking a rehearing of the PTAB's decisions. On or before September 7, 2021, Plaintiff filed petitions under 37 CFR §§ 1.181, 1.182, and 1.183 (the "PTAB Petitions") seeking a waiver and suspension of certain timing requirement under the interim guidelines in order to request a rehearing based on *Arthrex II*. (Dkt. Nos. 202–20, 202–21, and 202–22). In response, Defendants filed oppositions, which were subsequently expunged by the PTO because the filing of an opposition or reply to a petition is not authorized absent PTAB approval, which Defendants failed to obtain. (Dkt. Nos. 227–27, 227–28). On June 14, 2022, the PTAB issued orders denying Plaintiff's PTAB Petitions. (Dkt. Nos. 207–1, 207–2).

On November 12, 2021, approximately seven months before the denial of the PTAB Petitions, Defendants filed a motion seeking a dismissal of this case with prejudice and entry of a final judgment. (Dkt. No. 202). Plaintiff opposed arguing that:

> Defendants prematurely ask the Court to enter a judgment dismissing this action against Defendants with prejudice. Lifting the stay of this case is inappropriate because the instituted post-grant review proceedings regarding the asserted patents—the reason why the Court stayed this case in the first place—have not been finally resolved in the [USPTO]. [Plaintiff] is currently seeking administrative remedies to achieve a final resolution following the Supreme Court's guidance in *United States v. Arthrex, Inc.*, 141 S. Ct. 1970 (2021).

(Dkt. No. 203 at 1). On January 7, 2022, the Court carried the motion to allow Plaintiff's *Arthrex* challenges to be reviewed by the Director of the USPTO. (Dkt. No. 206). On June 21, 2022, Defendants filed a status report advising that on June 14, 2022, the PTAB denied Plaintiff's administrative *Arthrex* challenges for all asserted patents. (Dkt. No. 207 at 1–2). Plaintiff disagreed and argued that "the Director of the [USPTO] has not resolved Plaintiff's administrative *Arthrex* challenges." (*Id.* at 3).

In an effort to bring this nearly seven-year case to an appropriate end while also affording the Director "a reasonable time during which [she] might personally review the Board's decisions, while also avoiding an open-ended situation given the Director may elect never to review these matters personally," the Court again carried the Motion for an additional thirty days. (Dkt. No. 208 at 2). On August 10, 2022, the Court entered its Order and Final Judgment dismissing the above-captioned case with prejudice and entering judgment in Defendants' favor. (Dkt. No. 216). Thereafter, Defendants filed their Motion seeking a declaration that this case is exceptional under 35 U.S.C. § 285 and an award of attorneys' fees against Plaintiff and its counsel, jointly and severally, in the amount of $550,000.00. (Dkt. No. 215).

## II.     LEGAL STANDARD

In "exceptional cases," a district court "may award reasonable attorney fees to the prevailing party" pursuant to the Patent Act. 35 U.S.C. § 285. An "exceptional case" is "simply one that stands out from others with respect to the substantive strength of a party's litigating position . . . or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014); *see also Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 134 S. Ct. 1744, 1748 (2014) (noting that "the word 'exceptional' in § 285 should be interpreted in accordance with its ordinary meaning" (citing *Octane Fitness*, 134 S. Ct. at 1755)). Notably, it is not necessary that the litigation conduct at issue be independently sanctionable, e.g., because it involves bad faith or some other misconduct. *See id*. at 1756–57 (holding that "a district court may award fees in the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees").

The Supreme Court has been clear that district courts must determine whether any particular case is "exceptional" in a "case-by-case exercise of their discretion, considering the

4

totality of the circumstances." *Octane Fitness*, 134 S. Ct. at 1756. Whether a case is "exceptional" or not "is a factual determination," *Forcillo v. Lemond Fitness, Inc.*, 168 F. App'x 429, 430 (Fed. Cir. 2006), and the court must make its discretionary determination by a "preponderance of the evidence." *Octane Fitness*, 134 S. Ct. at 1758 (rejecting the prior requirement that a patent litigant establish its entitlement to fees under § 285 by "clear and convincing" evidence). A district court's determination of whether a case is "exceptional" under § 285 is reviewed for an abuse of discretion. *See Highmark Inc.*, 134 S. Ct. at 1748; *see also Checkpoint Sys., Inc. v. All-Tag Sec. S.A.*, 858 F.3d 1371, 1374 (Fed. Cir. 2017) ("On appeal, all aspects of a district court's § 285 determination are reviewed for an abuse of discretion." (citation omitted)).

In assessing the "totality of the circumstances," courts may consider factors such as "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Octane Fitness*, 134 S. Ct. at 1756 n.6 (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.9 (1994)) (addressing a similar fee-shifting provision in the Copyright Act). While a party's conduct need not be independently sanctionable to warrant an award of fees under § 285, *Id.* at 1756–57, fee awards should not be used "as a penalty for failure to win a patent infringement suit." *See id*. at 1753 (quotation omitted); *see also Checkpoint Sys., Inc.*, 858 F.3d at 1376.

While an exceptional case finding is no longer constrained to "inequitable conduct before the PTO; litigation misconduct; vexatious, unjustified, and otherwise bad faith litigation; a frivolous suit or willful infringement," *Epcon Gas Sys., Inc. v. Bauer Compressors, Inc.*, 279 F.3d 1022, 1034 (Fed. Cir. 2002), "the absence of such conduct also weighs against an award" of fees under § 285. *AstraZeneca AB v. Aurobindo Pharma Ltd.*, 232 F. Supp. 3d 636, 649 (D. Del. 2017).

5

## III. DISCUSSION

It is undisputed that Defendants are the prevailing party in this case. (*See* Dkt. No. 210). The Court now proceeds to consider "whether [this] case is 'exceptional' in the case-by-case exercise of [its] discretion, considering the totality of the circumstances." *Octane Fitness*, 134 S. Ct. at 1757.

Defendants move for an exceptional case finding on the grounds that Plaintiff pursued unnecessary and, in some instances, unsanctioned actions in this proceeding and with the PTAB. (Dkt. No. 215). Defendants argue Plaintiff's conduct was exceptional in two respects. First, Defendants argue that Plaintiff's opposition to the Motion to Stay was unreasonable and forced Defendants to brief the settled issue of whether a stay was warranted after the PTAB granted institution of Defendants' CMBRs. (*Id.*). Second, Defendants argue Plaintiff's Supreme Court Petition and PTAB Petitions were frivolous and meritless filings. (*Id.*). The Court addresses each argument in turn.

### A. Plaintiff's Opposition to the Motion to Stay Was Not Objectively Unreasonable.

Defendants argue that Plaintiff's opposition to Defendants' Motion to Stay makes this case exceptional because Plaintiff knew or should have known that its chances of avoiding a stay were "remote" given the PTAB's institution of Defendants' CBMRs. (*Id.* at 13–16). According to Defendants, this is a well-settled area of the law that should not have drawn a challenge.[1] Defendants further contend that in stark contrast to its Motion to Stay, Plaintiff's response failed to cite a single case where a stay request was denied after the PTAB granted CBMR institution covering all asserted claims. (*Id.* at 16).

---

[1] Defendants cite several cases for the proposition that courts have granted stays following the institution of CMBR proceedings. (*Id.* at 15)

Plaintiff responds that its opposition to the Motion to Stay was reasonable. (Dkt. No. 227 at 15). Plaintiff opposed the request on the grounds that Motion to Stay was filed just weeks before the case was set for trial. (*Id.*). When the Motion to Stay was granted, the parties were merely a week away from the scheduled pretrial conference. (Dkt. No. 215 at 9). This Court previously denied a party's stay request on the grounds that case was only two months away from trial. *See Saint Lawrence Communs. LLC v. ZTE Corp.*, 2017 WL 3396399 at *2 (E.D. Tex. Jan. 17, 2017) cited in Plaintiff's Response to the Motion to Stay, Dkt. No. 184 at 8–9. At least one other court has denied a stay request, even after the institution of the CMBR proceedings, based on the late stage of the proceeding.[2] (Dkt. No. 227 at 19). In other words, Plaintiff's opposition was not objectively unreasonable. Finally, Plaintiff agreed to Defendants' request for expedited briefing which, according to Plaintiff, demonstrates a level of professionalism that weighs against a finding of exceptional conduct. (*Id.*).

When the Court granted Defendants' Motion to Stay, it found that, "notwithstanding Customedia's arguments to the contrary, the Court finds that the factors provided in § 18(b) of the AIA and the case law, on balance, weigh in favor of granting the stay." (Dkt. No. 187 at 3). The Court did not find Plaintiff's opposition to the Motion to Stay completely unpersuasive. The Court properly weighed Plaintiff's argument that the stage of the case weighed against a stay, but nevertheless determined that in light of the other applicable factors, the case should be stayed. (Dkt. No. 187 at 3); AIA § 18(b)(1). Plaintiff's opposition to the Motion to Stay was not objectively unreasonable. As other Courts in this District have properly noted, "there is no per se rule that patent cases should be stayed pending PTO proceedings, because such a rule 'would invite parties to unilaterally derail litigation.'" *3d Eye Surveillance, LLC v. Town of Addison*, Civ. No. 6:14-CV-

---

[2] *Walker Digital, LLC v. Google, Inc.*, Civ. No. 11-318, 2014 U.S. Dist. LEXIS 85539 (D. Del. June 24, 2014).

536, 2015 U.S. Dist. LEXIS 4217, at *3 (E.D. Tex. Jan. 14, 2015) (quoting *Soverain Software LLC v. Amazon, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex 2005)). This is especially true when a case is rapidly approaching trial. While Defendants had the right to seek a resolution of its disputes through petitions for IPR and CBMR, which they did, Plaintiff also had an equal right to pursue a trial before a jury of its peers. The creation by Congress of a parallel track before the PTAB in no way diminishes a parties rights under the Seventh Amendment. Plaintiff's election to vigorously pursue its right to a trial by jury, under these facts and considering the totality of the circumstances, was not objectively unreasonable.[3]

### B. Plaintiff's Petitions Were Not Frivolous.

Defendants next assert that Plaintiff advanced frivolous arguments and engaged in bad faith litigation by filing the Supreme Court Petition and its *Arthrex* petitions before the PTAB. (Dkt. No. 215 at 16). Specifically, Defendants complain that Plaintiff raised the Apportionment Clause, *Arthrex I* challenge in its Supreme Court Petition even though the Federal Circuit had already held that "Customedia has forfeited its apportionment clause argument" by failing to raise the argument in its open brief. (*Id.* at 17). Plaintiff's PTAB Petitions were, according to Defendants, also frivolous given that the PTAB held "there does not appear to be any mechanism for granting Patent Owner the relief it requests." (*Id.*).

Plaintiff responds that its petitions were timely and proper. (Dkt. No. 227 at 22). Regarding the Supreme Court Petition, Defendants' Motion complains of one ground raised but ignores two of the three issues ultimately raised in the Supreme Court Petition. (*Id.*). Defendants do not challenge the legitimacy of the Supreme Court Petition on those other grounds. With respect to its *Arthrex* challenge, Plaintiff (and others) challenged the Federal Circuit's refusal to apply *Arthrex*

---

[3] An additional circumstance within the present totality was Defendants' conduct in waiting ten (10) months after this lawsuit was filed to initiate the PTAB review.

*I* to co-pending cases with petitions for writs of certiorari. (*Id*. at 13). While the Supreme Court granted review of *Arthrex I*, it denied petitions challenging the Federal Circuit's treatment of Arthrex I to co-pending cases. (*Id*.). On June 21, 2021, the Supreme Court mooted the first issue raised in Plaintiff's July 31, 2020 Supreme Court Petition when it vacated the Federal Circuit's *Arthrex I* opinion and held that "35 U.S.C. 6(c) is unenforceable as applied to the Director insofar as it prevents the Director from reviewing the decisions of the PTAB on his own." *Arthrex II* at 1987. The only action taken by Defendants in response to the Supreme Court Petition was the filing of a simple waiver of response. Also, no delay resulted from the filing of the Supreme Court Petition as the PTO did not cancel these claims until June 16, 2021. (Dkt. No. 227 at 21).

With respect to the PTAB Petitions, Plaintiff responds that the PTO accepted its petitions, and determined each was timely filed and entitled to due consideration. (*Id*. at 22). Further, the PTAB Petitions were not, as Defendants suggest, based on *Arthrex I*. (*Id*. at 23). Plaintiff had the right to file its PTAB Petitions with the PTO for referral pursuant to 37 C.F.R. 1.181, 1.182, and 1.183. (*Id*. at 24). In contrast, any attorneys' fees incurred by Defendants at this stage were caused through their filing of improper oppositions to the PTAB Petitions. (*Id*. at 23). In order to file an opposition to a PTAB Petition, the opposing party must first seek leave from the PTO to file an opposition. (Dkt. No. 227-27, 227-28, and 227-29). Defendants never requested such leave. (*Id*.). Accordingly, the PTO properly cancelled and expunged Defendants' oppositions for which they now seek reimbursement through this action. (*Id*.).

Plaintiff's exercise of its right to file the petitions was not frivolous. Defendants complain of Plaintiff's *Arthrex* challenges, but such challenges were not, as discussed above, "untimely." Moreover, the Supreme Court Petition was not limited to an *Arthrex I* challenge as Defendants improperly imply. Further, the PTAB Petitions did not raise arguments concerning the overturned

9

*Arthrex I* decision. The *Arthrex I* arguments are the only basis raised by Defendants as being frivolous, while Defendants are silent as to Plaintiffs other arguments, which concedes their propriety. Defendants' argument fails to meet the burden of establishing actual exceptionality.

### IV. CONCLUSION

As confirmed by the Supreme Court in *Octane Fitness*, the standard for an exceptional case should not be so high as to make § 285 superfluous, but neither should it be so low as to eviscerate the longstanding "American rule" against fee-shifting. 572 U.S. at 557. Attorneys' fees should not be awarded because a party made unsuccessful arguments. *Whirlpool v. TST Water, LLC*, 2018 WL 1536874, at *11 (E.D. Tex. Mar. 29, 2018). Based on the foregoing and after considering the totality of the circumstances, the Court finds that this is not an exceptional case, and an award of attorneys' fees to Defendants is not warranted.[4] Accordingly, Defendants' Motion to Declare the Case Exceptional Pursuant to 35 U.S.C. § 285 and Supporting Brief (Dkt. No. 215) is **DENIED**.

**So ORDERED and SIGNED this 29th day of December, 2022.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

---

[4] Given this is not an exceptional case, the Court does not consider whether Plaintiff's counsel can be held liable under Section 285, or whether PTAB fees are recoverable under Section 285.